UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GREGORY R. BULGER,

        Petitioner,

                                                Case Number 00-10476-BC

v.                                              Honorable David M. Lawson

BRUCE CURTIS,

        Respondent.
_____/

## ORDER DENYING MOTION TO VACATE PETITIONER'S CONVICTION WITHOUT PREJUDICE

      Petitioner Gregory Bulger, a state prisoner presently confined at the Ionia Maximum Correctional Facility in Ionia, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The essence of the petitioner's claim was that he was denied the assistance of counsel when the State failed to appoint an attorney to represent him on appeal. The State's action was taken pursuant to its policy of not appointing appellate counsel to indigent prisoners whose convictions were based upon guilty pleas.

      On July 19, 2004, the Court filed an opinion, order and judgment conditionally granting a of writ of habeas corpus on the ground that the State's practice violated the Equal Protection Clause of the Fourteenth Amendment. The Court ordered that "the State of Michigan shall, within fifty-six days, either appoint counsel for the petitioner to prepare an application for appeal and accept said appeal for filing within fifty-six days thereafter, or release the petitioner from its unlawful custody, in which case the petitioner's convictions shall be vacated."

The State appealed this Court's judgment but did not seek or receive a stay of the judgment. On July 18, 2005, this Court received notice that the court of appeals had dismissed the appeal on motion of the respondent.

Now before the Court is the petitioner's motion to vacate his conviction and make this Court's conditional writ an unconditional writ. He alleges that the state has not taken action to appoint counsel for him in accordance with this Court's order. The respondent, through the Michigan Attorney General, has filed an answer to the motion arguing that this Court's judgment did not create an obligation on the State to appoint appellate counsel for the petitioner. The State also argues that it was the petitioner's responsibility to seek enforcement of this Court's order in the state courts.

The Court finds the respondent's arguments untenable. This Court's directives were quite clear, and the judgment created an obligation upon the State to follow the direction of the Court. The Michigan Attorney General, who appeared on behalf of the respondent in this case, represents the State of Michigan and plainly had the responsibility and the means to comply within the time limits prescribed.

It does appear, however, that appellate counsel has now been appointed for the petitioner. Attached to the respondent's answer to the present motion is a copy of an order entered in the Saginaw County Circuit Court on September 23, 2005 appointing the State Appellate Defender Office (SADO) as appellate counsel for the petitioner. This order was entered over fourteen months after the entry of this Court's judgment, which, as noted above, was never stayed. Nonetheless, this Court believes that the state's failure to comply with the time limits set forth resulted, perhaps, from confusion and inattentiveness on the part of its advocate. Although the attorney general failed to

-2-

seek or obtain a stay of this Court's judgment, it appears that the State's failure to comply with the time limits set forth in this Court's order was not an act of defiance but rather a manifestation of carelessness. Substantial justice would not be served by releasing the petitioner, whose primary goal was to secure to himself the opportunity to challenge his conviction in *state* court with the assistance of counsel guaranteed by the Sixth Amendment.

Since counsel for the petitioner has been appointed by a state court judge, all that remains to fulfill the condition of this Court's order is that said counsel prepare and file an application for leave to appeal within fifty-six days after the appointment, which application shall be accepted for filing.

Accordingly, it is **ORDERED** that the petitioner's motion to vacate his convictions and release him from custody [dkt #22] is denied without prejudice to the petitioner's opportunity to file another motion seeking relief from the Court in the event that the remainder of the conditions are not fulfilled.

        s/David M. Lawson  
        DAVID M. LAWSON  
        United States District Judge

Dated: October 7, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 7, 2005.

        s/Tracy A. Jacobs  
        TRACY A. JACOBS